CYRUS ELLITHROPE, Respondent, v. JOHN H. VOGEL-SANG COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, October 27, 1896.

Pleading: ALLEGATION OF OWNERSHIP OF DEMAND SUED UPON. The petition herein alleged that the account sued upon had been assigned to the plaintiff shortly before the institution of this suit, and that payment thereof had not been made, to plaintiff's damage in a stated sum. *Held*, that, after verdict, plaintiff's ownership of the account at the date of the institution of the suit should be taken as sufficiently averred thereby.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed.

*Robert L. McLaran* for appellant.

·Every fact which the plaintiff must prove to maintain his proof is constitutive in the sense of the code, and must be alleged. *Pier v. Heinrichoffen*, 52 Mo. 333; *Stalely House Furnishing Co. v. Wallace*, 21 Mo. App. 128. There is no allegation in the petition, that plaintiff is the owner of these assigned claims. Hence, defendant's objection to the assignments should have been sustained. *Turner v. Railroad*, 76 Mo. 261.

*Dodge & Mulvihill* and *S. S. Merrill* for respondent.

Bond, J.—Plaintiff sues for peaches sold and delivered to the defendant by himself and six other vendors, alleging in his petition, in seven counts, the kinds and amounts sold and the prices agreed to be paid for each, and averring in six of the counts an assignment in writing to, himself by the other vendors of their respective accounts against defendant within a month prior to the institution of the suit, and concluding such counts, to wit: "That the defendant has never paid said account or any part thereof, though payment has often been demanded from it, to the damage of the plaintiff in the sum of $— (mentioned)." Defendant filed a general denial. The cause was submitted to the court without a jury. The bill of exceptions recites, to wit:

"Plaintiff offered evidence tending to prove that in the month of September, 1894, one Benway, who was

the agent of defendant, purchased at the city of Gyp-
son, in the state of Ohio, from the parties named in
plaintiff's petition the peaches therein described, and
agreed to pay therefor the prices therein mentioned,
which peaches were to be delivered by the sellers to
said Benway at the railroad tracks at Gypson for de-
fendant; that the parties named in the petition did
deliver the peaches in the quantities and at the prices
mentioned in the petition to said Benway at the rail-
road tracks at Gypson in accordance with their agree-
ment; that said agent Benway then drew a draft on
defendant for the total cost of said peaches, amounting
to $691.96, which draft was not paid, and the defend-
ant has never paid for said peaches; that the peaches,
when shipped, were in first-class condition and properly
packed; that the parties mentioned in the petition had
prior to the institution of this suit, except plaintiff
himself who was one of the parties selling, assigned
their respective claims in writing against defendant for
peaches sold to the plaintiff in the petition.   Plaintiff
then offered in evidence depositions of the other par-
ties who sold peaches to said Benway, stating that they
had assigned their claims to plaintiff before the bring-
ing of this suit and containing the written assignments
to plaintiff of the claims of the other respective parties
mentioned in the petition, all dated and acknowledged
prior to the institution of this suit, to which offer, and
to the several assignments respectively, defendant by
its counsel objected on the ground that said assign-
ments were incompetent, irrelevant and immaterial,
and on the ground that it is not alleged in the petition,
and does not appear from the evidence, that plaintiff
was the owner of said claims at the time of filing suit,
or that he was the holder or owner of said claims at
the time of trial, which objections were by the court

overruled, to which ruling of the court the defendant then and there duly excepted by its counsel.

"This was the substance of all the evidence in the case. Thereupon the court rendered judgment in favor of plaintiff for the amount claimed in his petition with interest from date of filing the suit."

The only point relied on for reversal is that the petition in the six counts setting up the assigned causes of action does not in so many words state that the assigned accounts were still the property of the plaintiff when the suit was brought. In each of the counts complained of, the date of the assignment alleged in it is set out as having been made within one month before the action. Each count concludes in the language quoted above. The only intelligent interpretation which could be given these allegations is that plaintiff thereby alleged ownership of the accounts in himself on the date of suit; for otherwise he could not have been damaged (as is alleged) by defendant's non payment of the accounts when requested, wherefore suit was brought. In the absence of any attack upon the petition for indefiniteness or any issue made in the answer as to title, the allegation of the acquisition of title by assignment a few days prior to suit carried with it a legal intendment of ownership on the date of suit. As the petition sufficiently states a cause of action on the assigned accounts, it is evident the court did not err in receiving the evidence offered by plaintiff to prove the assignments. The result is that the judgment is affirmed. All the judges concur.